Lamneck, J.,
concurring. A judge’s official actions upon the bench should be free from impropriety or the appearance of impropriety. It is his duty to require courteous conduct on the part of all court officers towards jurors, witnesses, litigants and others having business with the court. Likewise, if the integrity of and the respect for our courts are to be maintained, a judge must also be patient and courteous in controlling the proceedings of the court. He, himself, more than any other person, must fearlessly observe the fundamental restrictions that have been established by law and custom to guarantee that the rights of litigants, witnesses and others will always be observed.
*416 Our state and federal governments have been divided into three separate departments, viz., the legislative, the executive and the judicial. Our forefathers wisely lodged the protection of the rights of free men in our judicial department. This protection can only be maintained by rigorously observing the limitations that restrain those in authority who would violate our sacred and constitutional guaranties. Judges must have a deep and reverent purpose to faithfully and impartially discharge the duties which rest upon them to the end that our free institutions will always be preserved and handed down unimpaired to our posterity.
When counsel for the defense was presenting his case, the long established rules regarding the interrogation of witnesses were not observed as they should have been. It is not proper for a court, in a criminal case, to intervene when counsel is examining a witness on direct examination and, before such direct examination has been concluded, to cross-examine such witness on the assumption he is not telling the truth.
Canon 15 of the Canons of Judicial Ethics, adopted by this court on January 27, 1954, provides in part:
“A judge * * * should bear in mind that his undue interference, impatience, or participation in the examination of witnesses, or a severe attitude on his part toward witnesses, especially those who are excited or terrified by the unusual circumstances of a trial, may tend to prevent the proper presentation of the cause, or the ascertainment of the truth in respect thereto.”
The motives and integrity of the trial judge in any case that is or has been before this court are not and have not been in question. It is always assumed and granted, that a trial judge’s objective is to be impartial and that he endeavors ‘ ‘ to administer justice without respect to persons.” What is said herein, or *417 what may have been said inadvertently in any previous opinion of this court, is not to be construed otherwise. A judge is to be commended for any determination displayed by him to enforce the law and to secure the truth. But in doing so, the long established rules of courtroom procedure in criminal cases must be followed, at least to the extent that the rights of a defendant will not be prejudiced thereby.
Middleton, Taft, Zimmerman and Stewart, JJ., concur in the foregoing concurring opinion.